TROWBRIDGE, C. PFEIFFER, Associate Judge.
In today’s swinging world of pot and acid only the old fashioned' get caught driving while under the influence of intoxicating beverages to' the extent that their normal faculties are impaired. The defendant here found himself so accused and convicted but convinced the circuit judge on appeal that the arresting officer could not lawfully reach such a conclusion without knowing what the defendant’s normal faculties were. The court below reversed the conviction but we must reach a different result regarding opinion testimony of Bacchanalian conduct and reinstate the judgment and sentence.
An ordinance of the City of Orlando makes it unlawful for any person to' drive or be in the actual physical control of any vehicle within the city while under the influence of intoxicating liquor “when affected to the extent that his or her normal faculties are impaired.” The circuit court, on appeal from the conviction, used the following reasoning in its mandate of reversal :
The record discloses that there is no testimony given before the lower court as to what the normal faculties were of the Appellant and the extent, if any, in which they were impaired. The arresting officer and sole witness for the City freely admitted that he had not seen the Appellant prior to his arrest of Appellant, nor is there any evidence whatsoever that the police officer observed the Appellant while Appellant was possessed of his normal faculties. Therefore, there was no lawful predicate in the record for the Judgment entered by the lower court.
Although there are many cases confirming the prosecution’s right to use testimony of a lay witness, 32 C.J.S. Evidence § 546 (27), or a police officer, 23 C.J.S. Criminal *663 Law § 866, that an accused was intoxicated, no law has been found pertaining to the “normal faculties” phase of the question.
The city argues that to require evidence of an accused’s normal faculties to he presented would effectively prevent police officers from arresting anyone for DWI except their friends and previous acquaintances. Defendant’s Counsel answers that good prosecutors always arrange for the arresting officer to view the accused in court when his faculties are, presumably, normal. The city replies that this is not always possible. In addition, the validity of the arrest itself by an officer who had never seen the accused before might be in question regardless of subsequent observation.
We believe that, as sanity is the presumed condition of man, so too must each defendant be presumed to have the normal faculties of the average man. It has long been the law that the prosecution may rely upon a presumption of sanity until such time as the defendant introduces evidence of insanity. At that point, the issue of sanity is treated like any other issue and the burden of persuading the jury rests upon the State. 23 C.J.S. Criminal Law § 1200.
By the same reasoning each accused should be presumed to have the normal faculties of mankind in general until such time as the defendant presents evidence that his normal condition is so different as to mislead strangers. At that point, the burden of persuasion as to the normal faculties of the defendant would rest upon the prosecution: This rule has the same practicality as the insanity rule and still preserves to the accused all of his rights.
We have considered the cross petition of the defendant but find it to be without merit. The writ of certiorari is granted and the judgment and mandate of the circuit court below are set aside. The cause is remanded to that court for entry of an affirmance of the municipal court’s judgment in accordance with this opinion.
Reversed.
WALDEN, C. J., and McCAIN, J., concur.